**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　v.

RODRIGO ALEJANDRO MORALES-
PEREZ,
　　　　　*Defendant-Appellant.*

No. 05-10115

D.C. No.
CR-04-00094-JCM

ORDER
WITHDRAWING
OPINION AND
DENYING
PETITION FOR
REHEARING EN
BANC AND
OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted
November 18, 2005—San Francisco, California

Filed November 13, 2006

Before: Alfred T. Goodwin, Diarmuid F. O'Scannlain, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

Rene L. Valladares, Assistant Federal Public Defender, Las Vegas, Nevada, for the appellant.

Elizabeth A. Olson, United States Department of Justice, Criminal Division, Washington, D.C., for the appellee.

**ORDER**

The panel opinion filed on May 31, 2006, is withdrawn. A substitute opinion shall be filed concurrently with this order.

Judges O'Scannlain and Tallman have voted to deny the petition for rehearing en banc, and Judge Goodwin so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is denied. No further petitions for rehearing shall be entertained.

## OPINION

TALLMAN, Circuit Judge:

Rodrigo Alejandro Morales-Perez ("Morales-Perez") pled guilty to one count of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. He appeals his 70-month sentence, arguing that the district court erred when it concluded that his prior conviction under California Health and Safety Code section 11351.5 for possession or purchase of cocaine base with intent to distribute categorically qualified as a drug trafficking offense under the United States Sentencing Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A). Morales-Perez also contends that the district court erred in sentencing him above the two-year statutory maximum for convictions under 8 U.S.C. § 1326 based on his prior conviction. We affirm the district court. The definition of drug trafficking offense contained within the Sentencing Guidelines encompasses both possession and purchase with intent to distribute. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Furthermore, the district court properly considered Morales-Perez's prior conviction in sentencing him above the statutory maximum. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, because Morales-Perez preserved his challenge to the district court's use of mandatory Sentencing Guidelines (a "nonconstitutional *Booker* error"), *see United States v. Beng-Salazar*, 452 F.3d 1088, 1092 (9th Cir. 2006), and because we cannot say that the error was harmless beyond a reasonable doubt, we vacate the judgment and remand for full resentencing, *see id.* at 1095-97.

I

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Shumate*, 329 F.3d 1026, 1028 (9th Cir. 2003).

## II

The base offense level for a conviction under 8 U.S.C. § 1326 is eight. U.S.S.G. § 2L1.2(a). During sentencing, the Government sought a 16-level enhancement, contending that Morales-Perez's prior California conviction for possession or purchase of cocaine base for purposes of sale qualified as a drug trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). The Sentencing Guidelines define drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 2L1.2 cmt. n.1(B)(iv).

Morales-Perez objected to the 16-level enhancement. Section 11351.5 states, in pertinent part: "[E]very person who possesses for sale or purchases for purposes of sale cocaine base . . . shall be punished by imprisonment in the state prison for a period of three, four, or five years." CAL. HEALTH & SAFETY CODE § 11351.5. Morales-Perez argued that under the categorical approach set out by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), the California statute is overbroad as he could have been convicted of the purchase with intent to distribute rather than the possession with intent to distribute. In other words, he argued that the "possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense," *see* U.S.S.G. § 2L1.2 cmt. n.1(B)(iv), does not include the purchase of cocaine base for purposes of sale, *see* CAL. HEALTH & SAFETY CODE § 11351.5.

The district court rejected this argument, stating that "the federal definition of drug trafficking offense is broad enough to include the crime for which he was convicted . . . no matter how you read the [California] statute." Consequently, with a three level reduction for acceptance of responsibility, Morales-Perez's total offense level was 21. He had a criminal

history level of V and this placed him in the guideline range of 70-87 months. The district court sentenced Morales-Perez to 70 months imprisonment.

## III

**[1]** To determine whether Morales-Perez's prior conviction qualifies as a drug trafficking offense, we apply the *Taylor* categorical approach and "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. We must ask whether "the statute criminalizes conduct that would not constitute a [drug trafficking offense] under federal sentencing law." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n.2 (2002).

**[2]** Morales-Perez contends that the definition of a drug trafficking offense reaches distribution and possession with intent to distribute, but not the purchase for purposes of sale. We disagree. The government indicted Morales-Perez for unlawful reentry on March 10, 2004, and the district court imposed the sentence on December 6, 2004. Therefore, the district court applied the amended version of U.S.S.G. § 2L1.2, which makes it clear that, for federal sentencing purposes, a "drug trafficking offense" also includes the crime of attempt to commit a drug trafficking offense. *See* U.S.S.G. § 2L1.2 cmt. n.5 ("[Prior drug trafficking offenses] include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses."). Therefore, a predicate drug trafficking offense includes not only possession with intent to distribute, but attempted possession with intent to distribute.

**[3]** Whether Morales-Perez was in actual possession of the cocaine base or had simply purchased the cocaine base with the intent to distribute is not significant. Even if we assume that there is a distinction between purchasing cocaine base and possessing cocaine base, the simple fact remains that had

Morales-Perez been prosecuted in federal court for the same conduct which violated California law, he could have at least been prosecuted for attempted possession with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846—an offense explicitly included in the definition of "drug trafficking offense" contained within the Sentencing Guidelines. *See* U.S.S.G. § 2L1.2 cmt. n.5.

A federal conviction for the attempt to possess a controlled substance with intent to distribute requires the government to prove "(1) an intent to engage in criminal conduct, coupled with (2) an overt act constituting a substantial step toward the commission of the crime." *United States v. Davis*, 960 F.2d 820, 826-27 (9th Cir. 1992). A conviction under the purchase prong of section 11351.5 requires the State to prove that the defendant (1) purchased the cocaine base and (2) had the intent to distribute that cocaine base. CAL. HEALTH & SAFETY CODE § 11351.5; *see also* Cal. Jury Instr. Crim. 12.01 (2004) (stating the elements of the purchase prong to be (1) a purchase of cocaine base from another and (2) the specific intent to sell that cocaine base).

**[4]** By comparing the elements of these two crimes it becomes clear that the federal crime of attempted possession with intent to distribute encompasses the state-defined crime of purchasing cocaine base for purposes of sale. The ability to prove that a defendant has (1) made a completed purchase of cocaine base and (2) had the specific intent to sell that cocaine base is more than sufficient to prove that the defendant intended to possess cocaine base with intent to distribute. *Cf. United States v. Yossunthorn*, 167 F.3d 1267, 1269-70 (9th Cir. 1999) (stating that there was sufficient evidence to prove that the defendant intended to possess heroin with intent to distribute when he "expressed interest in purchasing [heroin]" and the defendant conducted countersurveillance of the prearranged meeting location in order to detect law enforcement).

**[5]** Furthermore, the completed purchase of cocaine base is conduct sufficient to constitute a substantial step towards acquiring or possessing the cocaine base. A conviction for the attempted possession of a controlled substance with intent to distribute requires more than the mere intent to complete the crime. *Id.* at 1271. "Even when the defendant's intent is clear, his actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *Id.* (internal quotation marks omitted). "The conduct cannot be mere preparation, [rather it] must be a substantial step . . . strongly corroborative of the firmness of a defendant's criminal intent." *Id.* (second alteration in original) (internal quotation marks and citations omitted).

In *Yossunthorn*, we held that placing an order to purchase heroin and countersurveillance of the prearranged meeting location was not conduct sufficient to establish a substantial step towards possession. We reasoned that countersurveillance, or the securing of a location for some future drug purchase, only constituted an "appreciable fragment of the crime of drug possession with intent to distribute." *Id.* at 1272 (internal quotation marks omitted). Furthermore, the act of making an appointment with a known drug dealer was not a substantial step because the "[defendant] had not 'committed all the steps necessary on his part to the completion of the substantive offense.' " *Id.* (quoting *United States v. Smith*, 962 F.2d 923, 930-31 (9th Cir. 2002)). "While '[t]he government does not have to wait until the transaction is complete[,] . . . it needs more evidence of a substantial step.' " *Id.* at 1273 (alterations in original) (quoting *United States v. Cea*, 914 F.2d 881, 888 (7th Cir. 1990)).

**[6]** A conviction under section 11351.5 requires the State to prove a completed transaction. The defendant has gone beyond making arrangements for the purchase or securing a location to make a purchase, he has actually gone to a location and tendered the money to purchase the drugs. Therefore,

because the purchase of a controlled substance for purposes of sale constitutes a substantial step towards the possession of a controlled substance with intent to distribute, we hold that a conviction under section 11351.5 is also sufficient to establish the attempted possession of a controlled substance under federal drug trafficking laws. Consequently, the district court correctly determined that a conviction under section 11351.5 categorically qualifies as a drug trafficking offense under the Sentencing Guidelines.

## IV

Morales-Perez's argument that the holding in *Almendarez-Torres*, 523 U.S. 224, has been overruled by subsequent case law has been foreclosed by our decision in *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004) (stating that the Supreme Court explicitly preserved its prior holding in *Almendarez-Torres* in *Blakely v. Washington*, 542 U.S. 296 (2004)). Therefore, it still stands that "enhancements based on prior convictions need not be proven beyond reasonable doubt by a jury or admitted by the defendant to satisfy the Sixth Amendment." *United States v. Esparza-Gonzalez*, 422 F.3d 897, 907 (9th Cir. 2005).

## V

We hold that the federal crime of attempted possession of a controlled substance with intent to sell encompasses the California-defined crime of purchasing cocaine base for purposes of sale. Because this is an offense that falls within the definition of a drug trafficking offense in the United States Sentencing Guidelines, we hold that a conviction under California Health and Safety Code section 11351.5 categorically qualifies as a predicate drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A).

[7] However, because Morales-Perez objected to his sentence on Sixth Amendment grounds before the district court,

he preserved his challenge to the nonconstitutional *Booker* error. *See Beng-Salazar*, 452 F.3d at 1095. Because we cannot say that the error was harmless beyond a reasonable doubt, we vacate the judgment and remand for full resentencing. *See id.* at 1096-97.

**AFFIRMED in part; VACATED and REMANDED for resentencing.**