**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Manuel ESQUER–FLORES, a.k.a. Martin Ibanez, Defendant–Appellant.**

**No. 04–10356.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, WALLACE and LEAVY, Circuit Judges.

MEMORANDUM **

Juan Manuel Esquer–Flores appeals from the 70–month sentence imposed following his guilty-plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Esquer–Flores contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2 for a prior drug trafficking offense because the statute of conviction was overbroad. Specifically, Esquer–Flores contends that his 1989 California state conviction for possessing for sale or purchasing for sale a controlled substance does not fall within the federal definition of a drug trafficking offense. This contention lacks merit. *See United States v. Morales–Perez*, 467 F.3d 1219, 1222 (9th Cir.2006) (holding that materially-indistinguishable California statute is categorically a drug trafficking offense).

However, because Esquer–Flores was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing judge to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 915–16 (9th Cir. 2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional error).

**AFFIRMED in part and REMANDED.**