**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abel RUIZ–JAIME, aka Abel Jaime Ruiz, aka Armando Torres–Jaime, Defendant–Appellant.**

No. 06–50283.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Sandy Nunes Leal, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Kim Savo, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE and LEAVY, Circuit Judges.

### MEMORANDUM **

Abel Ruiz–Jaime appeals from the 77-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ruiz–Jaime contends that the district court erred by characterizing the parties' stipulated sentencing agreement as creating unwarranted sentencing disparities and that the district court's refusal to sentence him according to the agreement ignored congressional intent and impinged on executive authority. We disagree. The district court was not bound by the parties' sentencing agreement. *See United States v. Hurt,* 345 F.3d 1033, 1036 (9th Cir.2003). Furthermore, we conclude that the district court properly took into account the relevant sentencing factors and that the sentence imposed was reasonable.

** This disposition is not appropriate for publication and may not be cited to or by the

*See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

Ruiz–Jaime also contends that the district court erred by enhancing his sentence for a prior drug trafficking offense because the state statute of conviction was overbroad. Ruiz–Jaime contends that his California conviction for possession for sale or purchase for sale of a controlled substance does not fall within the federal definition of a drug trafficking offense. This contention lacks merit. *See United States v. Morales–Perez,* 467 F.3d 1219, 1222 (9th Cir.2006) (holding that materially-indistinguishable California statute is categorically a drug trafficking offense).

Finally, we reject Ruiz–Jaime's contention that the holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled by subsequent case law. *See Morales–Perez* at 1223.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.