**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cesar CEBALLOS–SALIGAN, Defendant—Appellant.**

No. 07–10400.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Robert H. Bork, Esquire, Robert L. Ellman, Esquire, U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Brenda Weksler, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Cesar Ceballos–Saligan appeals from the 60–month sentence imposed following his guilty-plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ceballos–Saligan contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because his prior conviction for violating California Health & Safety Code § 11351 was not categorically a conviction for a drug trafficking offense. This contention fails. *See United States v. Morales–Perez,* 467 F.3d 1219, 1221–23 (9th Cir.2006); *see also Miller v. Gammie,* 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).

Ceballos–Saligan also contends that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence beyond two years when the fact of his prior conviction was not alleged in the indictment, admitted, or proven to a jury beyond a reasonable doubt. As Ceballos–Saligan acknowledges, this contention is

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004).

Ceballos–Saligan's contention that *Almendarez–Torres* is no longer good law is, as he acknowledges, foreclosed. *See United States v. Grisel,* 488 F.3d 844, 846–47 (9th Cir.2007) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.