**Garry Wayne BRADSHAW, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–72176.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

Brian D. Lerner, Esq., Law Offices of Brian · D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Garry Wayne Bradshaw, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo questions of law, *id.,* and for substantial evidence factual determinations underlying a denial of relief under the Convention Against Torture ("CAT"), *Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006). We deny the petition for review.

We reject Bradshaw's contention that he is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as his conviction under Cal. Health & Safety Code § 11351.5 was for "illicit trafficking in a controlled substance" as defined by 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey,* 520 F.3d 967, 976 (9th Cir.2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."); *see also United States v. Morales–Perez,* 467 F.3d 1219, 1221–23 (9th Cir.2006); *Salviejo–Fernandez v. Gonzales,* 455 F.3d 1063, 1067–68 (9th Cir.2006).

Bradshaw is not entitled to CAT relief because he has not shown that it is more likely than not that he will be tortured if returned to Jamaica. *See Singh,* 439 F.3d at 1113; *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**