**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10293 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00125-BES |
| v. | |
| JOSE FRANCISCO RIVAS-CHAVARRIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Jose Francisco Rivas-Chavarria appeals from the 37-month sentence

imposed following his guilty-plea conviction for unlawful reentry by a deported,

removed or excluded alien, in violation of 8 U.S.C. § 1326. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Rivas-Chavarria contends that his prior "possession for sale" convictions, in violation of California Health and Safety Code §§ 11351 and 11351.5, do not categorically qualify as drug trafficking offenses under U.S.S.G. § 2L1.2, because the statutes do not require the intent to sell the controlled substance. This argument is foreclosed by the plain language of the guideline which includes as a qualifying offense possession with intent to distribute or dispense. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B)(iv).

Rivas-Chavarria also contends that this court is not bound by its decision in *United States v. Morales-Perez*, 467 F.3d 1219 (9th Cir. 2006), because, although *Morales-Perez* ultimately concluded that section 11351.5 qualifies as a drug trafficking offense under the guidelines, the decision construed only the "purchase for purposes of sale" portion of the statute and not the possession prong that is at issue here. This contention is unpersuasive because the reasoning in *Morales-Perez* supports the conclusion that the possession prong of the statute also categorically qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2. *See*

*Morales-Perez*, 467 F.3d at 1221-23; *cf. United States v. Charles*, 581 F.3d 927, 934-35 (9th Cir. 2009); *United States v. Benitez-Perez*, 367 F.3d 1200, 1204 (9th Cir. 2004).

**AFFIRMED.**