**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIO ORTEGA, | No. 08-71045 |
| Petitioner, | Agency No. A092-329-282 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Mario Ortega petitions for review of the Board of Immigration Appeals'

(BIA) final order finding Ortega ineligible for cancellation of removal under

§ 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a), as an alien

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

convicted of an aggravated felony, specifically his 1992 conviction for possession of cocaine base for sale in violation of California Health and Safety Code § 11351.5. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Ortega's petition for review.

Ortega first argues that the BIA erred in relying on the document entitled, "Disposition of Arrest and Court Action," to establish that Ortega was convicted of possession of cocaine base for sale. In relying on the Disposition of Arrest and Court Action, the BIA cited to 8 C.F.R. § 1003.41(d), which provides that in a proceeding before an immigration judge, "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." The Disposition of Arrest and Court Action reasonably indicated that Ortega was convicted of violating § 11351.5, and Ortega did not present any evidence contradicting or discrediting this evidence. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (holding that the sole test for admission of evidence in immigration proceedings is whether the evidence is probative and its admission is fundamentally fair). Thus, it was not error for the BIA to consider the

2

Disposition of Arrest and Court Action as evidence of Ortega's conviction for possession of cocaine base for sale.

The cases cited by Ortega do not compel a contrary result; instead, they establish that certain documents may be insufficient to demonstrate that a particular conviction constitutes an aggravated felony when using the "modified categorical" approach. *See Penuliar v. Aschroft*, 435 F.3d 961, 968-69 (9th Cir. 2006); *Martinez-Perez v. Ashcroft*, 417 F.3d 1022, 1028-29 (9th Cir. 2005); *Li v. Ashcroft*, 389 F.3d 892, 898 (9th Cir. 2004). A modified categorical analysis is not required here because the full range of conduct covered by § 11351.5 falls within the meaning of an aggravated felony. *See United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006) (holding that the federal crime of attempted possession of a controlled substance with the intent to sell encompasses the California-defined crime of purchasing cocaine base for purposes of sale). No additional documentation was required to establish that Ortega's conviction constituted an aggravated felony.

Ortega's second challenge—that relief under 8 U.S.C. § 1182(c) should extend to his 2004 offense, which was committed after the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009-546—is belied by the plain language of the statute. *See INS v. St. Cyr*,

3

533 U.S. 289, 297 (2001) (IIRIRA, "*inter alia*, repealed § 212(c), see § 304(b), 110 Stat. 3009-597, and replaced it with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens, see *id.*, at 3009-594 (creating 8 U.S.C. § 1229b (1994 ed., Supp. V))"). Even if Ortega could have obtained a § 212(c) waiver for his 1992 conviction, his 2004 conviction post-dates IIRIRA, thus making him ineligible for § 212(c) relief. Consequently, the BIA did not err when it concluded that Ortega remained removable as charged based upon his 1992 and 2004 controlled substance convictions.

**PETITION DENIED.**