**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR OLIVA-ALFARO, AKA Hector Orlando Oliva, AKA Hector Orlando Oliva-Alfaro, AKA Humberto Renteria, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71247 <br><br> Agency No. A029-129-176 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]
Pasadena California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Hector Oliva-Alfaro, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's removal order and denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Oliva-Alfaro challenges the BIA's determination that his prior conviction for violation of California Health and Safety Code § 11351.5 is an aggravated felony rendering him removable. Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" includes "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). We have held that "a conviction under [California Health and Safety Code] section 11351.5 categorically qualifies as a drug trafficking offense . . . ." *United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006). Accordingly, Oliva-Alfaro's prior conviction for violation of California Health and Safety Code § 11351.5 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

Oliva-Alfaro argues that a minute order showing that he entered a nolo contendere plea pursuant to *People v. West* to violating § 11351.5 is insufficient to establish that he was convicted of an aggravated felony. We disagree. In *People v.*

*West*, 477 P.2d 409, 411, 420 (Cal. 1970), the California Supreme Court explained that a plea of nolo contendere to a felony charge has the "same force and effect" as a plea of guilty, and a defendant who enters such a plea admits to each of the elements of the offense to which he pleads. Although a nolo contendere plea does not admit to the specific factual basis for the plea, *see In re Alvernaz*, 830 P.2d 747, 752 (Cal. 1992), that fact is of no consequence, here, because Oliva-Alfaro's prior conviction for violation of § 11351.5 is categorically a drug trafficking offense. When a state statute is a categorical match to the relevant generic federal crime, anyone convicted of the state crime is necessarily guilty of all the generic federal crime's elements. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). Therefore, Oliva-Alfaro's nolo contendere plea to violating California Health and Safety Code § 11351.5 is sufficient to prove that he was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

Oliva-Alfaro also challenges the BIA's determination that his prior conviction constitutes a particularly serious offense, rendering him statutorily

ineligible for withholding of removal.[1]  Here, in reviewing the BIA's determination

that Oliva-Alfaro's prior conviction is a particularly serious crime, we have

jurisdiction only over questions of law or constitutional claims.  *See* 28 U.S.C. §

1252(a)(2)(D); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).  Thus, we

generally can review only whether the BIA applied the correct standard and

considered the appropriate factors, or whether the BIA relied on improper

evidence.  *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010).  A review

of the record here shows that the BIA applied the correct legal standard and

considered the appropriate factors from *In re Y-L-, A-G-, and R-S-R-*, 23 I&N Dec.

270 (A.G. 2002), in determining that Oliva-Alfaro's prior conviction is a

particularly serious offense.  Oliva-Alfaro argues that the BIA should have

conducted a *de novo* review.  But, a review of the BIA's decision shows that it did

indeed independently determine that Oliva-Alfaro's prior conviction is a

particularly serious offense.  Accordingly, the BIA did not abuse its discretion.

---

[1] It is unclear whether Oliva-Alfaro also challenges the BIA's determination that his prior conviction constitutes a particularly serious offense, rendering him statutorily ineligible for asylum.  However, any such challenge would be futile because for the purposes of asylum relief, any aggravated felony is considered to be a particularly serious crime, rendering an alien ineligible for asylum.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008).

Finally, Oliva-Alfaro challenges the BIA's denial of his application for CAT relief. Substantial evidence supports the BIA's denial of CAT relief because Oliva-Alfaro failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 730 F.3d 996, 1003-05 (9th Cir. 2013); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.