**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE GUADALUPE RUANO-RODRIGUEZ,<br><br>          Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No. 13-74488<br><br>Agency No. A042-215-351<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Guadalupe Ruano-Rodriguez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision finding him removable and denying

his applications for cancellation of removal, asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Although 8 U.S.C. § 1252(a)(2)(C) bars jurisdiction over final orders of removal when an alien has been convicted of an aggravated felony, § 1252(a)(2)(D) permits our review of questions of law. *Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014). We review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for substantial evidence the denial of CAT relief. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Ruano-Rodriguez's conviction under California Health & Safety Code § 11351.5 is categorically an aggravated felony for illicit trafficking in a controlled substance as defined by 8 U.S.C. § 1101(a)(43)(B) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Morales-Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006) (holding that a § 11351.5 conviction categorically qualifies as a drug trafficking offense under the Sentencing Guidelines); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.").

Contrary to Ruano-Rodriguez's contentions, the BIA did not find that his conviction was a per se particularly serious crime that rendered him ineligible for

withholding of removal. The BIA applied the correct presumption in *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002), to determine that his conviction constituted a particularly serious crime. We lack further jurisdiction over Ruano-Rodriguez's withholding of removal claim. *See* 8 U.S.C. § 1252(a)(2)(C) (barring jurisdiction over final orders of removal when an alien has been convicted of an aggravated felony).

Substantial evidence supports the agency's denial of CAT relief on the ground that Ruano failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**