NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR OLIVA-ALFARO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-71758

Agency No. A029-129-176

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Hector Oliva-Alfaro, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings and declining to exercise its sua sponte authority to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252.  *See Garcia v. Lynch*, 798

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 876, 880 (9th Cir. 2015). We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review the BIA's discretionary decision not to exercise its authority to reopen proceedings sua sponte. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We previously denied Oliva-Alfaro's petition for review of the agency's determination that he was not eligible for asylum or withholding of removal due to his criminal history and had not established eligibility for protection under the Convention Against Torture. *Oliva-Alfaro v. Holder*, 600 F. App'x 518 (9th Cir. 2015) (unpublished). We now conclude that the BIA did not abuse its discretion by denying his motion to reopen. Oliva-Alfaro's submission, which includes information concerning the deaths of several relatives and other materials, does not constitute new evidence that would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants who seek to "reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**