**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clarence HURT, III, Defendant–**
**Appellant.**

No. 02–30297.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy Bergeson, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

Michael W. Mosman, United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before ALDISERT,** GRABER, and GOULD, Circuit Judges.

GOULD, Circuit Judge.

Appellant Clarence Hurt, III, appeals a district court order revoking his supervised release and sentencing him to twelve months of imprisonment, followed by an additional twenty-four months of supervised release. The district court denied Hurt's motion to amend his sentence to impose the maximum statutory penalty of twenty-four months' incarceration with no supervised release, despite the acquiescence in Hurt's motion by the U.S. Attorney and the U.S. Probation Officer. We conclude that the district court was not required to impose the maximum penalty that both parties sought and that the court did not abuse its discretion by sentencing Hurt to an additional term of supervised release.

## I

On April 9, 1997, Hurt, a convicted felon, was charged with possessing an unregistered sawed-off shotgun in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to thirty-three months' incarceration, followed by three years of supervised release. Hurt violated several conditions of his release, including failing to truthfully answer the probation officer's inquiries, failing to take psychotropic medications and participate in mental health treatment, associating with minor females without the probation officer's permission, failing to report to the probation officer and submit a monthly report, associating with known felons without permission, and failing to notify the probation officer within seventy-two hours of a change in residence. Hurt's violations of the conditions of his release were neither minor nor technical; instead, Hurt almost totally failed to participate properly in his supervised release. As a result, on August 16, 2002, Hurt's supervised release was revoked. The district court then imposed a new sentence: incarceration for one year, and an additional twenty-four months of supervised release.

Four days later, Hurt filed a motion to amend his sentence to twenty-four months of incarceration with no further period of supervised release, which is the maximum statutory penalty for his offense. The United States Probation Officer and Assistant United States Attorney recommended the same sentence. Nevertheless, the district court denied Hurt's unopposed motion

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

and decided, instead, that an additional two year term of supervised release best served both Hurt's needs and the public interest. Hurt appeals the district court's order.

## II

Hurt asserts that the district court abused its discretion by refusing to amend his sentence and that the court also erred by failing to defer to both parties' agreement that Hurt be sentenced to the maximum term of incarceration. Hurt also con tends that the additional term of supervised release is invalid because it will not contribute significantly to either rehabilitating him or protecting the public.

■ We review the district court's denial of Hurt's motion to amend his Guideline sentence for abuse of discretion. *See United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir.1998) (reviewing a trial court's denial of a motion to reduce a Guideline sentence for abuse of discretion). Under this standard, we reverse only if the district court committed a clear error of judgment. *See SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001).

"Section 3583(d) of Title 18 of the U.S.Code gives a district court 'broad discretion' to order conditions of supervised release following a term of imprisonment." *United States v. Bahe*, 201 F.3d 1124, 1127 (9th Cir.2000) (citation omitted). In deciding whether supervised release is appropriate, the district court is to consider the factors set out in § 3553(a), including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, the district court must consider whether the condition imposed "contribute[s] significantly both to the rehabilitation of the convicted person and to the protection of the public." *See United States v. Pinjuv*, 218 F.3d 1125, 1131 (9th Cir.2000) (quoting *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir. 1975) (en banc)).

■ Hurt reasons that his past failure to adhere to the conditions of supervised release is evidence that he is not suitable for continued supervision.[1] He argues that the district court erred in reimposing a two year term of supervised release following his incarceration, because supervised release will not contribute significantly to his rehabilitation or to public safety. We disagree.

The district court's decision to reimpose a term of supervised release is authorized by 18 U.S.C. § 3583(h), which permits courts that have revoked supervised release to reimpose continued supervision following a term of imprisonment. Congress intended supervised release to provide rehabilitation to defendants, which

---

1. Hurt further argues that the district court's denial of his motion is illogical, because it "forc[es] him to violate the terms of supervised release in order to achieve the goal of incarceration." This argument is frivolous and inconsistent with Hurt's counsel's argument at the revocation hearing that he could abide by the supervised release. *See also Pinjuv*, 218 F.3d at 1131 (finding that supervised release may be appropriate even if the defendant lacks the volitional power to comply with the conditions).

helps them make a desirable transition back into the community. *See Johnson v. United States,* 529 U.S. 694, 708–09, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (citing S.Rep. No. 98–225, p. 124 (1983)). A violation of the conditions of super vised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary. *Id.* at 709, 120 S.Ct. 1795. The Supreme Court in *Johnson* reasoned that "if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." *Id.*

The district court reasonably concluded that a term of supervised release would be a more effective means of rehabilitating Hurt and protecting the public than releasing Hurt without conditions after two years of incarceration. The court concluded that "[Hurt's] needs and the safety of the community requires [sic] that [Hurt] remain under close supervision for as long as possible." A term of supervised release contributes to Hurt's rehabilitation by ensuring that Hurt will be supervised during his transition into the community, and it protects the public by requiring that Hurt remain under close supervision for an additional year.

Furthermore, the district court is not bound by the par ties' joint recommendation to grant Hurt the maximum penalty that he requested. We have recognized the district court's discretion to reject sentencing recommendations within the context of plea agreements. *See United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 925 (9th Cir.2001) ("the court does not improperly intrude on an executive function when it refuses to follow the terms of a plea agreement"); *United States v. Savage,* 978 F.2d 1136, 1137 (9th Cir.1992) ("a trial court retains discretion in rejecting or accepting plea bar gains"). In sentencing decisions, the prosecutor's role is "purely advisory." *See United States v. Miller,* 722 F.2d 562, 564 (9th Cir.1983). Our system of criminal justice places on a United States District Judge the grave and important responsibility to fashion an appropriate sentence within the bounds of the law. The district court should naturally be interested in the views of the United States Attorney and the Probation Office, particularly where they accord with those of a defendant who is to be sentenced. Yet, though the district court should give some heed to the views of others, it is the sentencing judge's job to set the penalty for criminal violations, and the district court, when advised, has wide discretion to act in the interest of the defendant and the public.

The district court here did not abuse its discretion in imposing two years of supervised release, rather than one additional year of incarceration. It also did not err in declining to defer to the parties' joint sentencing recommendation.

**AFFIRMED.**