**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ely BARRERA–GARCIA, aka Richard D. Mares aka Natalio Soto–Manillas, Defendant—Appellant.**

No. 04–30320.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Gregory M. Shogren, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Anne Walstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Ely Barrera–Garcia appeals from the sentence imposed upon revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Barrera–Garcia contends that the district court erred by imposing an additional term of supervised release after requiring him to serve time in prison. Because Barrera–Garcia failed to object to his post-revocation supervised release in the district court, we review for plain error, *see United States v. Garcia*, 323 F.3d 1161, 1165 (9th Cir.2003), and find none. Barrera–Garcia's sentence comports with the statute, which states that the length of a term of supervised release cannot exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *See* 18 U.S.C. § 3583(h); *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir.2003) (concluding that § 3583(h) permits a district court to reimpose a term of

supervised release following a term of imprisonment).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

