*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Norman Lee BROWN, Defendant— Appellant.**

**No. 06–30102.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Nov. 29, 2006.

Hannah Horsley, Esq., U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Ellen C. Pitcher, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

## MEMORANDUM *

Norman Lee Brown challenges the district court's imposition of five years of supervised release following his violation of the conditions of an earlier release. Brown argues that the district court failed to consider certain sentencing factors set forth in 18 U.S.C. §§ 3553(a) & 3583(e), and that the five-year term was unreasonable.

"Whether the district court provided an adequate statement of reasons for the sentence it imposed is a question of law that we review de novo." *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006). "A district court is not required to refer to each factor listed in § 3553(a)." *United States v. Mix,* 457 F.3d 906, 912 (9th Cir. 2006) (citing *United States v. Simpson,* 430 F.3d 1177, 1186 (D.C.Cir.2005)). "When a defendant has not asserted the import of a particular § 3553(a) factor, nothing in the statute requires the court to explain sua sponte why it did not find that factor relevant to its discretionary decision." *Simpson,* 430 F.3d at 1187. The sentence ultimately imposed is reviewed for reasonableness in light of the sentencing factors. *Miqbel,* 444 F.3d at 1176 & n. 5.

The only factor Brown raised at his revocation hearing was whether supervised release might be counterproductive to his rehabilitation. The record shows that the district court engaged in a lengthy colloquy with Brown, in the course of which it carefully considered, Brown's history and characteristics before reasonably concluding that supervised release was necessary for his rehabilitation. The court's thoughtful colloquy satisfied the mandate of §§ 3583(e) and 3553(a). Nothing in the record indicates that the court considered any factor not permitted by the statute.

Brown further argues that his prior record enhancement created "unwarranted disparities" between him and other offenders not subject to such enhancements. However, 18 U.S.C. § 3553(a)(6) mandates consideration of unwarranted disparities only among "defendants with similar records." Brown has not alleged any disparity between his sentence and those of other defendants with similar records. In any event, we reject Brown's claim that the proper exercise of prosecutorial discretion can result in a disparity that is "unwarranted" under § 3553(a)(6).

Lastly, Brown claims he has such an aversion to supervised release that the sentence might encourage him to commit crime in order to return to prison. We have previously rejected that line of argument as "frivolous," *United States v. Hurt,* 345 F.3d 1033, 1035 n. 1 (9th Cir.2003), and find it similarly unpersuasive here. Brown's sentence is reasonable.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.