**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kirk Douglas WINGO, Defendant–Appellant.**

**No. 08–10091.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 1, 2008.

William R. Reed, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mike K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Kirk Douglas Wingo appeals from the sentence imposed upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wingo contends that his 22–month term of supervised release is unreasonable because the district court: (1) did not allow the parties to argue the appropriate term; (2) relied on an improper basis to support the term; and (3) failed to provide an adequate explanation for the term imposed. These contentions are belied by pages 15–20 of the excerpts of record. Accordingly, we hold the district court did not procedurally err. *See Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *see also United States v. Hurt,* 345 F.3d 1033, 1036 (9th Cir.2003).

We decline to address Wingo's contention, raised for the first time in his reply brief, that the district court violated Federal Rule of Criminal Procedure 32.1(b)(2)(E) by failing to provide notice of its intent to impose a term of supervised

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

release. *See Int'l Union of Bricklayers & Allied Craftsman Local Union* No. 20, *AFL–CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

**AFFIRMED.**