**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50430 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05135-LAB |
| v. | |
| ADALBERTO RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Adalberto Rivera appeals from the district court's judgment and challenges

the 30-month term of supervised release imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivera contends that the district court's imposition of the maximum term of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised release is illogical, punitive, and substantively unreasonable given the court's belief that Rivera is not amenable to supervision. We review for abuse of discretion, *see United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012), and find none. The record belies Rivera's contention that the district court determined he is not amenable to supervision. Moreover, the 30-month term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary.").

**AFFIRMED.**