**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50214 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05135-LAB |
| v. | |
| ADALBERTO RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 24, 2016[**]

Before:   LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Adalberto Rivera appeals from the district court's judgment and challenges

the 12-month custodial sentence and 18-month term of supervised release imposed

upon revocation of supervised release.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rivera contends that the custodial portion of his sentence is substantively unreasonable because the district court already accounted for the alleged cause of his violations—his drug addiction—by imposing drug treatment as a condition of supervised release. He further contends that the term of supervised release is substantively unreasonable in light of the district court's belief that he is not amenable to supervision. The district court did not abuse its discretion in imposing Rivera's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines custodial term and 18-month term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including the need to deter Rivera from future violations. *See Gall*, 552 U.S. at 51. Moreover, contrary to Rivera's contention, the record reflects that the district court imposed the additional term of supervision in order to provide him with rehabilitative services that he requested, not to punish him. *See United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary.").

**AFFIRMED.**