**NOT FOR PUBLICATION**

MAR 21 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10235 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00290-GMS |
| v. | |
| JESSE QUINN HARRISON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jesse Quinn Harrison appeals the 15-month sentence imposed upon his third

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

Harrison contends that the district court erred by relying on his repeated

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

refusals to comply with a condition of supervised release requiring him to participate in a mental health evaluation as a justification for the above-Guidelines sentence. He argues that the imposition of the condition was an abuse of discretion and violated his First Amendment rights. The district court did not abuse its discretion in imposing the mental health condition because the record supports the court's conclusion that Harrison could benefit from mental health treatment. *See United States v. Lopez*, 258 F.3d 1053, 1056-57 (9th Cir. 2001). Moreover, contrary to Harrison's contention, his refusal to comply with the challenged condition did not make it improper. *See United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary."). Finally, the challenged condition did not violate the First Amendment because it was "primarily designed to affect the rehabilitation of the probationer [and] insure the protection of the public." *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998) (internal quotations omitted). Accordingly, the district court did not err in relying on Harrison's refusal to participate in the mental health evaluation and its explanation for the above-Guidelines sentence was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

15-10235