**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10382 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00140-APG |
| v. | |
| ADAM MICHAEL HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Adam Michael Harris appeals from the district court's judgment and

challenges the 22-month term of supervised release imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harris contends that the term of supervised release is substantively

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

unreasonable in light of the fact that he is not amenable to supervision and has largely met the goals of supervised release, committing only "technical" violations. The district court did not abuse its discretion. *See United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012). The 22-month term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Harris's past failures to comply with the requirements of supervision, even if "technical," do not "obviate the need for further supervision," but rather suggest that additional supervision may be necessary to facilitate Harris's rehabilitation and protect the public. *See United States v. Hurt*, 345 F.3d 1033, 1035-36 (9th Cir. 2003).

**AFFIRMED.**