**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10402 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00342-GMN |
| v. | |
| ERIC MICHAEL HARRIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Eric Michael Harris appeals from the district court's judgment and challenges the 12-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Harris contends that he is not amenable to supervised release due to his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

inability to adhere to mental health treatment and medication, and consequently, the district court abused its discretion by imposing continued supervision as part of his supervised release revocation sentence. The 12-month term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(c) factors and the totality of the circumstances, including the need to rehabilitate Harris and protect the public. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Harris's argument that he is unamenable to supervision does not render the sentence substantively unreasonable. *See United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary.").

**AFFIRMED.**

16-10402