**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10324 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00223-GMN-VCF-1 |
| v. | |
| JACOB FORREST, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted March 15, 2019**
San Francisco, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Jacob Forrest challenges the 12-month term of supervised release imposed upon revocation of his original term of supervised release. *See* 18 U.S.C. § 3583(h). He also contends that the district court plainly erred in imposing three conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The district court did not abuse its discretion by imposing a 12-month term of supervised release. Forrest committed three Grade C violations less than four months into his initial three-year term of supervised release, including an attempt to "defeat the drug testing process by utilizing a subterfuge." On appeal, Forrest raises a number of mitigating circumstances, but the district court properly weighed his request for leniency against the severity of the violations and the continued need for rehabilitative supervision. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). Even if turmoil in Forrest's family life precipitated these violations, "[a] violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary." *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003).

**2.** We conclude that the district court plainly erred in imposing Special Condition 1, which requires Forrest to undergo sex-offender treatment. Forrest was convicted of attempted sexual assault in 1997, but "[s]upervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). The record does not support mandatory sex-offender treatment, a much greater restraint on Forrest's liberty than the previously agreed-upon sex-offender evaluation. *See United States v. Hohag*, 893 F.3d 1190,

1193 (9th Cir. 2018). This sentencing error necessarily affected Forrest's substantial rights and the public perception of these judicial proceedings. *See United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016). We therefore vacate Special Condition 1.

3. We conclude that the district court also plainly erred in imposing Special Condition 7, which prohibits Forrest from viewing pornographic materials that "would compromise [his] sex offense specific treatment." A pornography ban is permitted only if it deprives Forrest of no more liberty than is reasonably necessary to further the purposes of supervised release. *See United States v. Gnirke*, 775 F.3d 1155, 1163, 1166 (9th Cir. 2015). As its language reflects, this condition is linked to and depends on Special Condition 1. We therefore vacate Special Condition 7.

4. Special Condition 8 authorizes the probation office to search Forrest's computers upon reasonable suspicion that he has violated his conditions of supervised release and that evidence of the violation will be found on his computers. A computer-search condition may be appropriate "so long as a district court makes a factual finding establishing some nexus between computer use and one of the goals" of supervised release. *United States v. Bare*, 806 F.3d 1011, 1017 (9th Cir. 2015). Because no such factual finding was made here, nor is any nexus apparent from the record, the imposition of this condition was plain error.

This sentencing error satisfies the other two requirements of plain error review, as well. *See LaCoste*, 821 F.3d at 1192. We therefore vacate Special Condition 8. On remand, if the district court seeks to reimpose this condition, it must identify a nexus to a goal of supervised release.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**