NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50009 |
| Plaintiff-Appellee, | D.C. No. 3:05-cr-00199-BEN-5 |
| v. | |
| MARCOS DELAROSA RAMIREZ, AKA Joker, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Marcos Delarosa Ramirez appeals from the district court's judgment revoking supervised release and challenges the three-year term of supervision imposed to follow his 60-day term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ramirez first contends that his supervised release term should be stricken because the district court failed to orally impose it. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) ("The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant."). The record belies this claim. After hearing the parties' sentencing arguments and Ramirez's allocution, the court determined that it would impose a sentence of 60 days, to be followed by three years of supervised release. Though it did not repeat the term of supervised release when it referred again to the imprisonment term later in the sentencing hearing, it discussed at length Ramirez's obligations for his new supervised release term. On this record, we find no ambiguity in the oral pronouncement of sentence.

Ramirez next contends that the district court failed to consider the 18 U.S.C. § 3583(e) factors or offer an adequate explanation for the supervised release term. We review for plain error*, see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record demonstrates that the court heard and considered Ramirez's arguments. Moreover, its explanation for the sentence reflects its consideration of the relevant § 3583(e) factors and permits meaningful appellate review. *See United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Finally, Ramirez argues that the three-year term of supervision is

2

substantively unreasonable in light of his lengthy period of compliance prior to the instant revocation and his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Given Ramirez's criminal history and more recent violation conduct, the three-year term of supervised release is substantively reasonable. *See United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003).

    **AFFIRMED.**