**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff - Appellee,<br><br>  v.<br><br>CHAD WILLIAM HEDGES,<br><br>      Defendant - Appellant. | No. 24-6178<br><br>D.C. No.<br>2:15-cr-00028-DLC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted May 21, 2025[**]

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Chad William Hedges appeals from the district court's judgment and challenges the sentence of 6 months' imprisonment and 47 months' supervised release imposed upon the third revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hedges contends the district court procedurally erred by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court acknowledged Hedges's successes on supervision but explained that a 6-month sentence was warranted given Hedges's multiple positive drug tests and refusal to be "forthright" about his drug use. This explanation, which reflects the court's consideration of the 18 U.S.C. § 3583(e) sentencing factors, is sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Hedges next contends the within-Guidelines sentence is substantively unreasonable because his success in meeting some of the requirements of supervised release puts his case outside the heartland of revocation cases, justifying a downward variance. The district court did not abuse its discretion in concluding otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Both the custodial sentence and the term of supervised release are substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances, including Hedges's history on supervision. *See Gall*, 552 U.S. at 51; *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but rather confirms the judgment that supervision was necessary.").

**AFFIRMED.**