NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　v.

TIERRE COLE,

　　　　Defendant - Appellant.

No. 25-456

D.C. No. 2:14-cr-00344-KJD-PAL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 15, 2025[**]

Before:　　SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Tierre Cole appeals from the district court's judgment revoking supervised

release and challenges the sentence of 8 months' imprisonment and 52 months'

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cole contends that the district court procedurally erred by relying on

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

impermissible sentencing factors under 18 U.S.C. § 3553(a)(2)(A) when imposing the sentence. We review for plain error. *See Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025). The court did not plainly err because the record does not reflect that it relied on § 3553(a)(2)(A) "expressly or by unmistakable implication." *Id.*

Cole also contends that the sentence is substantively unreasonable because the district court relied only on Cole's lack of cooperation and did not account for the other sentencing factors. Cole further argues that his "non-violent minor violations" did not warrant the sentence, which is unfairly disparate to the sentence received by his co-defendant.

The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the court was concerned about Cole's overall poor performance on supervision, as reflected by the large number of violations in a short span of time following his release, and his refusal to get even to "first base" with the substance abuse treatment he needs to successfully reintegrate into society. Contrary to Cole's assertion, these considerations support the within-Guidelines carceral sentence and new term of supervision, notwithstanding the sentence received by his co-defendant, whose circumstances the court described as not "comparable." *See* 18 U.S.C. § 3583(e); *United States v. Hurt*, 345 F.3d 1033, 1036 (9th Cir. 2003) ("A violation of the conditions of supervised release does not obviate the need for further supervision, but

rather confirms the judgment that supervision was necessary."). The sentence is substantively reasonable under the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**